DxckmAN, J.
The original action was brought in the court of common pleas of Franklin county, by Wesley Doherty, against Elijah Meacham, Mary E. Meacham, and A. J. Hopkins to foreclose a mortgage of indemnity, on a lot of land in Columbus, Ohio, executed and delivered by the Meachams to Doherty. W. Kingrey, Wilson J. Bean, *297 and Michael Stiinmel, were made parties defendant in the common pleas. • As disclosed bjr the pleadings, and an agreed statement of facts filed in the case, the mortgage of the above described premises was made to Doherty on the fourth day of January, 1876, and was by him filed for record August 9, 1876. On the eighth day of August, 1876, the Meachams conveyed the same premises to defendant, Hopkins, and on the same day, Hopkins left his deed for record. On the thirteenth day of January, 1877, Hopkins conveyed the premises to defendant, Bean, who, the same day, executed a mortgage back to Hopkins for a portion of the purchase price; and this mortgage was filed for record January 18,1877, and was a few days afterward— January 22, 1877 — with the notes which it was intended to secure, assigned and delivered to defendant, Stimmel. Hopkins knew at the time he made the purchase from the Meachams, of the mortgage to Doherty, and promised in a written agreement, as a part of the consideration for the conveyance, to assume the mortgage of Doherty, and released the Meachams from any liability on the covenants of warranty in their deed to him. The defendants, Bean and Stimmel, had no actual notice or knowledge of Doherty’s mortgage, when they became interested in the property, and no knowledge that the purchase money was not all paid by Hopkins, and only knew of the first mortgage lien of Kingrey, on the premises.
In the court of common pleas, upon overruling the plaintiff’s demurrer to the answers and cross-petitions of "defendants, Bean and Stimmel, the plaintiff not desiring to further plead, the cause came on to be heard upon the petition, the answers and cross-petitions, and the evidence, and with the consent of all the parties, .was submitted to the court. The court thereupon found, that the mortgage to Doherty did not become a lien upon the premises in the petition described ; and further found, that the sum of 1817.50 was due the defendant Stimmel, from the defendant Bean, upon the note set out in Stimmel’s answer and cross-petitiop — it being one of the notes which the mortgage- from Bean to *298 Hopkins was intended to secure. And the court ordered, that the master commissioner, from the proceeds of the sale of the premises sold by him under the former orders of the court and not included in the former order of distribution, pay the balance oyer to Stimmel, after paying certain taxes and assessments upon the premises, and certain taxed costs of the suit. The decree of the court of common pleas was affirmed by the district court, and this court is asked to reverse the judgment and decree of the district court.
It has been settled by repeated adjudication in this state, that an unrecorded mortgage does not vest in the mortgagee any interest in the premises, either legal or equitable, as against subsequent purchasers, and that too, whether such purchasers had notice of the unrecorded mortgage or not. The rule is a statutory rule, deduced from a construction of the express and peculiar phraseology of the statute, and though in some instances a stern adherence to it might seem a hardship, it has become a rule of property, and should not be disturbed. Until delivered to the recorder of the proper county, to ‘ be by him entered on record, a mortgage can have no effect, either at law or in equity, against third persons; and as said by Ranney, J., in Bloom v. Nogle, 4 Ohio St., 55, “if notice is permitted to supply the place of the registry, the whole field of constructive notice immediately applies; or, if it is made to depend upon actual notice, the inquiry is still attended with all the danger and uncertainty incident to parol evidence, when used for the1 purpose of affecting written instruments,1 and disturbing titles.”
The purchase of the premises therefore by Hopkins, with full knowledge of the unrecorded mortgage to Doherty — in the absence of his written agreement to assume its payment —would have vested in him an estate free from the mortgage incumbrance. But, the registry furnished no information to third persons, that Hopkins had assumed the payment of Doherty’s mortgage, or had ever heard of it at the date of his deed. When Bean purchased the property, and executed and delivered the notes and me tgage for the balance *299 of purchase money, it is true, that Doherty had left his mortgage for record, but Bean had no actual notice of that fact. If charged with constructive notice by'virtue of the record, he must have discovered by examination, that on the day, Hopkins received and deposited his deed with the recorder, his title to the premises was clear and unincumbered, with the exception of the senior mortgage to Kingrey. If on that day, B.ean had purchased the premises, no question could have arisen between him and Doherty, as Hopkins was then, for aught that appeared, the source of an undisputed title, subject to the last mentioned lien.. But conceding that at the time of his purchase, Bean was notified of Doherty’s mortgage and of its record subsequent to the date of the deed to Hopkins, with no other evidence before him save that of the registry, he would have known that such subsequent record could not relate back and impair the title already vested in Hopkins. The registry alone would have informed him, that Hopkins had acquired title on the 8th of August, 1876, while Doherty by his own delay had voluntarily postponed his legal rights to those of Hopkins and his assigns. Looking to the statutory rule as having relation to the rights of property, the material inquiry by Bean was, as to the legal interest of Hopkins in the premises; and the registry itself, without other evidence, revealed nothing whereby Hopkins was prevented from transmitting to his vendee the same rights of property ' which he acquired on the day he received his deed.
The agreement in writing entered into between Hopkins and the Meachams, whereby he assumed to pay Doherty’s mortgage, and to release his grantors from liability on the covenants of warranty in their deed to him, gave rise to equities between the parties to that agreement and the plaintiff in error. But, in our view of this case, it is unnecessary to consider, how far a purchaser who assumes a mortgage becomes as to the mortgagor, the principal debtor, and the mortgagor a surety, or, whether the mortgagee may treat both as principal debtors, and have a personal decree against both. As it is not claimed that knowledge was in *300 any manner brought borne to Bean, of his grantor’s agreement to assume the outstanding mortgage of indemnity to the plaintiff in error, we do not think Bean’s title should be prejudiced, by any latent equities arising out of that agreement.
It is not denied, that the defendant in error, Stimmel, was the purchaser for a valuable consideration of the notes and mortgage assigned and delivered to him. If any equities existed at the time of his purchase, bétween Hopkins and Bean, the mortgage must be deemed to have been taken by Stimmel, subject to those equities. But, we have not discovered that any such equities existed. Subject to Kingrey’s senior mortgage, the defendant in error, Bean, acquired a good title to the property conveyed to him, and the mortgage of indemnity made to the plaintiff in error did not become a lien thereon.
We are therefore of the opinion, that there was no error in the decree of, the court below, applying a portion of the fund arising from the sale of the real estate in controversy, towards the payment of the mortgage assigned to Stimmel.
The judgment of the district court must be affirmed.

Judgment accordingly.